IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **PHEASANTBROOK HOME OWNERS ASSOCIATION,**<br><br>Plaintiff,<br><br>v.<br><br>**THE TRAVELERS INDEMNITY COMPANY**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:14-CV-0056-DN-PMW<br><br>**Chief District Judge David Nuffer**<br><br>**Magistrate Judge Paul M. Warner** |

Chief District Judge David Nuffer referred this case to Magistrate Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is The Travelers Indemnity Company's ("Defendant") motion to compel Pheasantbrook Home Owners Association ("Plaintiff") to produce documents related to its fee retention agreements with all of Plaintiff's counsel.[2]

## BACKGROUND

In February 2015, Defendant received responses to its request for production.[3] The request for production included the request at issue: "Produce the retention agreements with all counsel representing [Plaintiff] in the current lawsuit." Plaintiff objected to the request for

---

[1] *See* docket no. 48.

[2] *See* docket no. 47 at 1, Exhibit No. 1 at 2.

[3] *See* docket no. 47, Exhibit No. 1.

production claiming it "is irrelevant and immaterial to Travelers' investigation, and not reasonably calculated to result in admissible evidence."[4]

On February 17, 2015, Plaintiff and Defendant filed a joint motion to extend the deadline for discovery.[5] Subsequently, fact discovery was extended to May 11, 2015, and expert discovery was extended to July 20, 2015. On May 29, 2015, Plaintiff's expert witness, Joseph Hoffman, admitted in his expert report that he is not being compensated on an hourly basis, but his "compensation, if any, will be determined on the sums . . . received from litigation."[6]

On July 17, 2015, Plaintiff and Defendant filed a joint motion to extend the deadline for expert discovery.[7] Subsequently, the deadline for expert discovery was extended to September 21, 2015. On January 11, 2016, Defendant filed the motion at hand. Trial is scheduled to begin on March 14, 2016.

## ANALYSIS

Under rule 26(b) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Defendant asserts that the retention agreement is "relevant to the credibility of [Plaintiff's] expert witness, Joseph Hoffman" because "Hoffman's construction company . . . performed" Plaintiff's repairs at issue in this case.[8] However, Defendant's motion to compel is

---

[4] *Id*. at 2.

[5] *See* docket no. 18.

[6] Docket no. 30, Exhibit No. 16 at 4.

[7] *See* docket no. 25.

[8] Docket no. 47 at 2.

clearly untimely. Thus, the question for the court is whether the untimely motion was substantially justified or harmless. *See Clark v. Wilkin*, No. 2:06-CV-693 TS, 2008 WL 2388634, at *2 (D. Utah June 11, 2008).

This court concludes that Defendant's untimely motion was not substantially justified because Defendant knew that Plaintiff objected to providing the retention agreement seven months before the close of expert discovery. From a review of the docket, it does not appear Defendant provides any explanation justifying the lateness of its motion.

Defendant's untimely motion was not harmless because it runs the risk of misleading the jury and has the potential to cause undue delay. This court has instructed that fee arrangements have the "tendency to divert the attention and focus of the case, creating a risk of 'unfair prejudice, confusion of the issues, or misleading the jury, or [causing] undue delay, [or] waste of time.'" *Adams v. Gateway, Inc.*, No. 2:02-CV-106-TS, 2005 WL 4705885, at *2 (D. Utah Nov. 2, 2005) (alterations in original). Discovery of retention agreements should be avoided "unless necessary." *Id*. Defendant's motion does not adequately explain why the retention agreement is necessary in this case.

Even if the motion was timely, Defendant should have sought after the information through other means. "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Defendant seeks fee arrangement regarding Mr. Hoffman's expert services should Plaintiff prevail. While details about Mr. Hoffman's compensation would have been discoverable during expert discovery, Defendant now asks the court to liberally construe a production request that was nearly a year old at the time this motion was filed. Furthermore, it

does not appear that ordering the production of the retention agreement with counsel is reasonably calculated to lead to the discovery of the amount of Mr. Hoffman's compensation. And, finally, there is nothing in this order that would prohibit counsel from asking about Mr. Hoffman's compensation during cross examination.

Based on the foregoing, Defendant's motion to compel is **DENIED**.

**IT IS SO ORDERED**.

DATED this 29th day of February, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge